UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT E. SPATES,

        Plaintiff,

       v.                           Case No. 20-C-1415

AMIMO TERRY, RN, and
JEAN KLABUNDE, RN,

        Defendants.

## SCREENING ORDER

Plaintiff Scott Spates, a prisoner at Columbia Correctional Institution (CCI), filed a *pro se* action against two registered nurses on the Health Services staff at CCI. He alleges that the nurses mishandled his urine specimen and he later required emergency surgery. Spates seeks damages of $1 million. Spates paid the full filing fee of $400. Because Spates is a prisoner seeking redress from an employee of a governmental entity, the court is required to review the complaint, identify cognizable claims, and dismiss the complaint or any portion thereof that is frivolous, malicious, or otherwise fails to state a claim, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

### SCREENING OF THE COMPLAINT

In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Spates is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or

she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Spates alleges he was suffering severe stomach pains, vomiting, and bad diarrhea for at least 20 days. Compl., Dkt. No. 1 at 3. He was unable to eat and had "thick and blackish" urine. *Id*. On the morning of July 3, 2020, Spates was suffering "unbearable pain," and knowing that he was going to the health services unit (HSU) for a blood pressure test, urinated into a bottle to bring with him. *Id*. at 4. Spates told Nurse Terry of his symptoms and gave her the urine. *Id*. Terry told him that the urine in the bottle could not be tested and provided him with a urine collection cup and told him to return it to the HSU as soon as possible. *Id*. An hour later, he returned the cup filled. *Id*. Nurse Klabunde picked up the cup, but left it on the sink, resulting in it going

2

untested. *Id*. On July 6, 2020, Spates again urinated into a bottle prior to another blood pressure test. *Id*. Nurse Block saw his urine sample and immediately contacted Dr. Ribault. *Id*. at 5. The sample was tested immediately, with the results triggering a blood test. *Id*. Spates was then taken to the hospital for emergency surgery on his stomach. *Id*.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Because Spates "filed his complaint without the assistance of counsel, we construe liberally the factual allegations of his complaint." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The first prong of a § 1983 claim requires Spates to identify a right that has been violated. Deliberate indifference to serious medical needs can be a violation of the Eighth Amendment when it "constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). However, a mere claim of inadequate medical treatment does not state a constitutional violation. *Id*. at 105. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Id*. In order to be liable for deliberate indifference, a prison official must know of a substantial risk to an inmate's health or safety and deliberately disregard that risk of which she is aware. *Farmer v. Brennan*, 511 U.S. 825, 837 (1978).

The complaint fails to state an Eighth Amendment claim under § 1983. Spates notified Nurse Terry of his long-standing stomach pain and gave her a urine sample, but she required Spates

3

to provide a new sample in a designated container as soon as he could. Terry failed to look for the returned sample. Nurse Klabunde received the sample, but apparently failed to properly process it, instead leaving it untested. Spates provided another urine sample provided to a different nurse a few days later that resulted in immediate, urgent treatment for his stomach condition.

The fact that Terry directed Spate to use a specimen bottle for his urine sample does not constitute deliberate indifference. Nor can Terry be faulted for her failure to anticipate exactly when Spates might return a new urine sample given that neither party indicated a timeframe for its return other than "soon." Similarly, the complaint fails to allege any facts that suggest Klabunde was deliberately indifferent to Spates' condition, as opposed to simply careless. The complaint does not allege that Klabunde knew of Spates' symptoms, only that she received a urine sample and failed to process it or pass it on to Terry. While this failure likely prolonged Spates' suffering, it does not support the idea that Klabunde was deliberately indifferent to Spates' serious medical needs or sought to wantonly inflict unnecessary pain on Spates. Spates has alleged no facts from which it can be inferred that Terry or Klabunde knew of, let alone disregarded, a substantial risk to his health or safety, which is required to allege deliberate indifference. Thus, Spates has failed to state a claim that they violated his rights under the Eighth Amendment.

The complaint will therefore be dismissed, but without prejudice. If Spates wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **November 10, 2020**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Spates is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v.*

4

*Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that Spates' complaint is dismissed for failure to state a claim, but without prejudice.

**IT IS FURTHER ORDERED** that on or before **November 10, 2020**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Spates a blank prisoner complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin

125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Spates is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this __8th__ day of October, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge