UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT E. SPATES,

        Plaintiff,

        v.        Case No. 20-C-1415

AMIMO TERRY, RN, and
JEAN KLABUNDE, RN,

        Defendants.

**SCREENING ORDER**

Plaintiff Scott Spates, a prisoner at Columbia Correctional Institution (CCI), filed a *pro se* action against two registered nurses on the Health Services staff at CCI. He alleges that the nurses mishandled his urine specimen and delayed diagnosis of a serious stomach problem. In an order dated October 8, 2020, Spates was granted leave to cure defects in his original complaint. Dkt. No. 7. He has now done so. Pursuant to 28 U.S.C. § 1915A, the court is required to review the complaint, identify cognizable claims, and dismiss the complaint or any portion thereof that is frivolous, malicious, or otherwise fails to state a claim, or that seeks monetary relief from a defendant who is immune from such relief. The court will now screen the amended complaint. Dkt. No. 8.

### SCREENING OF THE COMPLAINT

In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Spates is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed.

R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Spates alleges he was suffering severe stomach pains, vomiting, and bad diarrhea for at least 20 days. Am. Compl., Dkt. No. 8 at 4. He was unable to eat and had "thick and dark blackish" urine. *Id*. On the morning of July 3, 2020, Spates was suffering "unbearable" pain, and knowing that he was going to the health services unit (HSU) for a blood pressure test, he urinated into a clear bottle to show the nurse. *Id*. at 5. Spates told Nurse Terry of his symptoms and gave her the urine. *Id*. Terry told him that the urine in the bottle could not be tested and provided him with a urine collection cup and told him to return it to the HSU as soon as possible. *Id*. at 5–6. An hour

2

later, he gave the filled cup to Sergeant Berrndt and informed her that it was ready to be returned to Nurse Terry. *Id*. at 6. Officer Castro picked up the cup and gave it to Nurse Klabunde. *Id*. A few days later, on July 6, 2020, Spates again urinated into a bottle prior to another blood pressure test. *Id*. at 8. Nurse Block saw his urine sample and immediately contacted Dr. Ribault. *Id*. The sample was tested immediately, with the results triggering a blood test. *Id*. Spates was then taken to the hospital for emergency surgery on his stomach. *Id*.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Deliberate indifference to serious medical needs can be a violation of the Eighth Amendment when it "constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). However, a mere claim of inadequate medical treatment does not state a constitutional violation. *Id*. at 105. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Id*. In order to be liable for deliberate indifference, a prison official must know of a substantial risk to an inmate's health or safety and deliberately disregard that risk of which she is aware. *Farmer v. Brennan*, 511 U.S. 825, 837 (1978). "[T]he inquiry is not whether individual [officials] *should have* known about risks . . . but whether they *did* know of such risks." *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008) (emphasis in original).

3

The amended complaint fails to state an Eighth Amendment claim under § 1983. Spates notified Nurse Terry of his long-standing stomach pain and gave her a urine sample, but she required Spates to provide a new sample in a designated container as soon as he could. Spates returned the sample in an hour, but the officer gave the sample to Nurse Klabunde, who apparently failed to ensure it was processed and tested. A few days later, after submitting a new sample, he was diagnosed with a serious stomach condition.

"[A]n inadvertent failure to provide adequate medical care" does not constitute deliberate indifference. *Estelle*, 429 U.S. at 105. Spates implies that Terry should have known of the risks to Spates' health, given the reaction of Nurse Block to his later sample. But deliberate indifference requires actual personal knowledge by Terry of Spates' serious condition, which is not in evidence. *See Grieveson*, 538 F.3d at 775. Further, neither Terry's refusal to accept Spate's bottle of urine nor her lack of availability to receive the urine sample show a disregard for Spate's health. It would be unreasonable to expect Terry to be available at any given moment to accept samples, and there is no indication that it was a violation of protocol for her not to personally receive a urine sample that she had requested.

The complaint also alleges no facts suggesting Klabunde was deliberately indifferent to Spates' condition, as opposed to simply careless. Spates does not show that Klabunde had actual knowledge of his symptoms, only that she received a urine sample and failed to process it or pass it on to Terry. While this failure likely prolonged Spates' suffering by a few days, it does not support the idea that Klabunde ignored Spates' serious medical needs or sought to inflict unnecessary pain on Spates. Even an accident that produces added anguish "is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Estelle*, 429 U.S. at 105. Deliberate indifference requires a showing that Terry or Klabunde both knew of and disregarded

4

a substantial risk to his health or safety. As Spates has not made such a showing, his amended complaint fails to state a claim that either Terry or Klabunde violated his rights under the Eighth Amendment.

## CONCLUSION

Spates has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Spates' amended complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this __23rd__ day of October, 2020.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.